IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**LISA O.,**[1]

Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,**

Defendant.

Civ. No. 1:25-cv-00106-CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge:

Plaintiff Lisa O. seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claims for benefits under Title II and Title XVI of the Social Security Act. Consent to magistrate judge jurisdiction was entered on January 21, 2025 (ECF #4). For the reasons below, the Commissioner's decision is reversed and remanded for immediate payment of benefits pursuant to sentence four of 42 U.S.C. § 405(g).

## PROCEDURAL BACKGROUND

Plaintiff filed her claims for benefits in October and November 2016, alleging disability beginning April 10, 2015. Tr. 235, 242. An ALJ issued a decision finding that Plaintiff was not disabled at any time since her alleged onset date on January 24, 2019. Tr. 12-25. Plaintiff subsequently appealed the denial of her claims for benefits to this Court on February 18, 2020. Tr. 636. On November 9, 2020, the Court entered an Order and Judgment remanding Plaintiff's claims

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

for further proceedings. Tr. 638-60. A second administrative hearing was held on January 25, 2023. Tr. 591-629. On April 27, 2023, the ALJ issued a second decision finding that Plaintiff had not been disabled between her alleged onset date and her 50th birthday. Tr. 562-79. The ALJ found that Plaintiff was disabled, thereafter, through application of Medical-Vocational Rule 201.14. Tr. 578. "The claimant was not disabled prior to August 31, 2022, but became disabled through the date of this decision." Tr. 579. However, this meant that Plaintiff was not disabled at any time through June 30, 2019, her date last insured. *Id.*

Plaintiff again appealed the denial of her benefits to this Court. In lieu of submitting briefs to this Court, the parties submitted a stipulated motion for remand to this Court. Tr. 1690-91. This Court entered an Order granting the parties' motion and remanding Plaintiff's claims to the Commissioner for further proceedings on December 8, 2023. Tr. 1688-89. A third hearing was held on October 2, 2024. Tr. 1646-57. On October 17, 2024, the ALJ issued a third decision, again finding that Plaintiff was not disabled prior to her 50th birthday. Tr. 1615-31.

**THE ALJ'S FINDINGS**

Before beginning the sequential evaluation process, the ALJ found that Plaintiff met the insured status requirements through June 30, 2019. Tr. 1621. At step one, the ALJ found that Plaintiff had not engaged in substantial work activity since her alleged onset date. Tr. 1621. At step two, the ALJ found that Plaintiff's club feet; carpal tunnel syndrome; obesity; peripheral neuropathy; dysthymia; and anxiety disorder were severe impairments. Tr. 1621. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled one of the listed impairments. Tr. 1622. Before proceeding to Step Four, the ALJ assessed Plaintiff with the following residual functional capacity:

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can never climb ladders, ropes, or scaffolds;

> occasionally climb ramps and stairs and balance; frequently reach bilaterally; and frequently handle, finger, feel, and operate hand controls bilaterally. She must avoid all exposure to vibration, hazards, extreme cold, and extreme heat; and she must never operate a motor vehicle. Additionally, the claimant can understand, remember, and carry out simple instructions, perform tasks that do not involve a specific production rate pace such as assembly-line work or an hourly production quota, make simple work-related decisions, and adjust to occasional changes in the work setting. Time off task in addition to normal breaks would be up to 5% scattered throughout a normal workday.

Tr. 1624. At step four, the ALJ found that Plaintiff had no past relevant work. Tr. 1630. At step five, the ALJ relied on the testimony of the vocational consultant and found that there were jobs existing in significant numbers that an individual with Plaintiff's residual functional capacity could perform prior to her 50th birthday. Tr. 1630. The ALJ concluded that Plaintiff had not been disabled at any time between her alleged onset date and her 50th birthday. Tr. 1631.

## DISCUSSION

Plaintiff asserts that the ALJ erred in two ways. First, by failing to elicit a reasonable explanation for the conflict between the reasoning levels required in the document-preparer position and the limitations in the residual functional capacity assessment. Notably, the ALJ had been specifically tasked with resolving this issue in the Appeals Council's remand order. Tr. 1698-99. Second, Plaintiff asserts that the ALJ erred by relying on a single occupation with a limited number of positions as the basis for the Step Five finding of non-disability. The Court agrees that the ALJ erred in both regards.

### I. The ALJ erred by not resolving the conflict between the reasoning levels required in the document preparer position and Plaintiff's RFC limitations.

The ALJ has issued three decisions in this case so far. In the second ALJ decision, issued in April 2023, at Step Four, the ALJ determined that Plaintiff's RFC included the following limitation: "The ability to understand, remember, and carry out instructions would be limited to

performing simple routine tasks." Tr. 571. At the hearing, the vocational expert testified that, given this and all of the other RFC factors, Plaintiff was capable of performing the jobs of, "document preparer," "addresser," and "surveillance monitor." Tr. 578. The ALJ noted that all three jobs were classified by the DOT as sedentary unskilled jobs with an SVP of 2. *Id.*

Plaintiff appealed, and the Appeals Council remanded the case to the ALJ, specifically noting that both the "document preparer" job and the "surveillance monitor" job have a general education development ("GED") reasoning level of three. Tr 1698-99. The Appeals Council explained:

> Such occupations require the employee to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." **There is an apparent conflict between these requirements and the assessed restriction to understanding, remembering, and carrying out simple, routine tasks**. However, a reasonable explanation for this apparent conflict was not obtained before relying on the vocational expert's testimony. Further evaluation of whether there were jobs that existed in significant numbers in the national economy that the claimant could have performed prior to August 31, 2022, is therefore warranted.

Tr. 1699 (emphasis added). The Appeals Council ordered the ALJ to "identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT)." *Id.* The ALJ was explicitly ordered to resolve such conflicts "before relying on the vocational expert evidence." *Id.*

On remand, in the third and final ALJ decision, the ALJ determined that Plaintiff's RFC included the following limitation:

> [Plaintiff] can understand, remember, and carry out simple instructions, perform tasks that do not involve a specific production rate pace such as assembly-line work or an hourly production quota, make simple work-related decisions, and adjust to occasional changes in the work setting.

Tr. 1624. The vocational expert once again identified "document preparer" as a job that Plaintiff would be capable of performing. In his third decision, the ALJ noted that this testimony is "inconsistent with the information contained in the DOT," but explained that the vocational expert testified that this occupation, "as currently performed," "differs from the description in the DOT. It involved mainly scanning or copying rather than use of microfilm." Tr. 1631. A review of the hearing transcript shows that the vocational expert did not actually relate this difference to the discrepancy in reasoning levels. When the ALJ asked whether the vocational expert saw any conflict between the requirements, "especially with the GED reasoning level of three," the vocational expert responded without any substantive explanation: "I do not, no. I see that reasoning level three and the residual functional capacity as being compatible with SVP 2 and the individual with the hypothetical you gave would be able to perform that work in my opinion." Tr. 1654. Notably, neither the ALJ nor the VE stated that the document preparer job should be classified as a lower GED reasoning level.

The Ninth Circuit has repeatedly held that "a limitation to simple, routine, or repetitive work… is inconsistent with Reasoning Level 3." *Faulkner v. Dudek*, No. 24-1303, 2025 WL 602216, at *2 (9th Cir. Feb. 25, 2025) (citing *Buck v. Berryhill*, 869 F.3d 1040, 1051 (9th Cir. 2017)); *Zavalin v. Colvin*, 778 F.3d 842, 846–48 (9th Cir. 2015)). Here, Plaintiff was limited to simple work, but the vocational expert and ALJ nonetheless determined that she was capable of performing a job with a reasoning level three. The ALJ did not adequately resolve the conflict clearly identified by the Ninth Circuit and the Appeals Council. This was an error.

**II. The ALJ erred by relying on a single occupation with a limited number of positions as the basis for the Step Five finding of non-disability.**

The explanation that the ALJ gave regarding the document preparer job "as currently performed" did not sufficiently resolve the conflict between the GED reasoning level three and

Plaintiff's RFC limitation to "simple work." Even if it had resolved that conflict, however, the document preparer position, on its own, was not "work that exists in significant number in the national economy." The ALJ therefore erred by relying on that occupation alone to determine non-disability.

In the ALJ's third and final decision, in Step Five, he relied on a single occupation as the basis for determining that Plaintiff was capable of work that exists in significant numbers in the national economy:

> Document preparer, Dictionary of Occupational Titles (DOT) #249.587-018, specific vocational preparation (SVP) 2, unskilled, sedentary, with about 14,000 positions in the national economy

Tr. 1631.

The Ninth Circuit has never created a bright-line rule defining what constitutes a "significant number" of positions, but it has given an indication of what could meet the threshold. *See Beltran v. Astrue*, 700 F.3d 386, 390 (9th Cir. 2012). In *Beltran*, the Court held 1,680 jobs nationally was "very rare" and not a significant number of jobs. *See id.* at 1207. In *Gutierrez v. Commissioner of Social Security*, 740 F.3d 519 (9th Cir. 2014), the Court considered whether 25,000 national jobs in two occupations was a sufficient number. The Court determined that this was a "close call," but ultimately found that it "likely does not fall into the category of 'isolated jobs' existing in 'very limited numbers.'" *Id.* at 529.

In two separate, subsequent cases, the Court found that 10,000 and 12,600 jobs nationwide failed to meet the significant number standard. *See Randazzo v. Berryhill*, 725 Fed. Appx. 446, 448 (9th Cir. 2017) ("the remaining 10,000 electrical accessories assembler jobs found by the expert may not amount to a significant number of jobs in the national economy."); *Lemauga v. Berryhill*, 686 Fed.Appx. 420, 422 (9th Cir. 2017) ("We note that this court has

never found a similar number (12,600) to be significant."); *see also Davis v. Saul*, 846 Fed.Appx. 549, 550 (9th Cir. 2021) (questioning whether 15,000 counter clerk jobs was a significant number when two other occupations were excluded).

Based on these precedents–12,000 being insufficient, 25,000 being a close call, and 15,000 being questionable–the ALJ's reliance on a single occupation, with only 14,000 jobs available nationwide, was an error, because this number does not represent a "significant number of jobs in the national economy." In addition, the ALJ asked the vocational expert about other occupations the Plaintiff would be capable of, and the VE could not name any with more than 6,000 jobs available: "That's the only job I have, the document preparer, that would be over 10,000 jobs. I have another but it's only 6,000 jobs." Tr. 1652.

The ALJ therefore committed harmful error in two independent ways, requiring remand.

**III. The case is remanded for immediate payment of benefits.**

Remand for further administrative proceedings is appropriate if enhancement of the record would be useful. *See Harman v. Apfel*, 211 F.3d 1172, 1174, 1178 (9th Cir.2000). Conversely, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits. *See Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir.1996); *Varney v. Secretary of Health and Human Services*, 859 F.2d 1396, 1399 (9th Cir.1988). More specifically, the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Harman*, 211 F.3d at 1178.

Here, the case involves a closed period of time, the ALJ committed harmful errors, and the record has been fully developed. The claims have already been remanded on two occasions, and the ALJ was explicitly ordered to resolve a conflict between the occupation and Plaintiff's RFC, and he failed to do so. The Court is satisfied that Plaintiff is disabled and entitled to benefits for the identified closed period of time.

## CONCLUSION

For the reasons discussed above, the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is REVERSED, and this case is REMANDED for immediate payment of benefits pursuant to sentence four of 42 U.S.C. § 405(g).

It is so ORDERED and DATED this 10 day of September, 2026.

MARK D. CLARKE
United States Magistrate Judge